HUDSON NAVIGATION COMPANY, Appellant, v. EDWARD F.
MURRAY, Defendant, Impleaded with OWEN A. MULLEN,
Respondent.

Third Department, November 14, 1917.

**Sale — when transfer of undivided interest in boat does not convey
vendor's interest in prior earnings.**

A sale purporting to transfer the vendor's undivided thirty-four one-
hundredths interest in a boat, together with the tackle, furniture and
necessaries thereunto appertaining and belonging, does not transfer the
vendor's interest in prior earnings or in any other property held in common
or for partnership purposes, and, hence, it does not bar the vendor's right
of action against a tenant in common for an accounting.

APPEAL by the plaintiff, Hudson Navigation Company,
from a judgment of the Supreme Court in favor of the respond-
ent, entered in the office of the clerk of the county of Rensselaer
on the 30th day of April, 1917, dismissing the complaint as
to the respondent upon the decision of the court, the facts
having been stipulated and the matter submitted for decision,
with notice of an intention to bring up for review the order
dismissing the complaint entered in said clerk's office on the
30th day of April, 1917. Plaintiff further appeals from
an order made at the Albany Special Term and entered in the
office of the clerk of the county of Rensselaer on the 26th
day of May, 1917, denying its motion to vacate the prior order
and judgment.

The action was brought to compel an accounting and the
payment by defendant to plaintiff of its proportionate share
of the earnings of the tugboat *George E. Lattimer*. When
the action came on to be heard before the court at Special
Term the complaint was, by consent of parties, dismissed as
to the defendant Murray and stipulation of facts was made
and submitted to the court as to defendant Mullen. On
presenting the stipulation the plaintiff asked for judgment
and the defendant moved to dismiss the complaint. The
court dismissed the complaint as to the defendant Mullen and
directed judgment to be entered accordingly.

It appears by the stipulation that about January 17, 1911,

Third Department, November, 1917.          [Vol. 180.

the defendant Owen A. Mullen sold to the plaintiff a thirty-four one-hundredths interest in the tugboat *George E. Lattimer*, together with a thirty-four one-hundredths interest in the masts, sails, furniture and all other necessaries thereunto appertaining and belonging, and that the plaintiff continued to be the owner of said property until August 14, 1912, and that the defendants were part owners thereof; that after the 17th day of January, 1911, the defendant Owen A. Mullen managed the tugboat, as managing agent, for the benefit of the owners and collected and received the earnings thereof; that at the close of the navigation season of 1911 the defendant paid to plaintiff thirty-four one-hundredths of the net earnings of the boat for that season; that during the navigation season of 1912, and up to August fourteenth, the tugboat was managed by the defendant Mullen " as Managing Agent for the benefit of the owners and there were earnings from such operation." It also appears that on the 14th day of August, 1912, the plaintiff by a bill of sale dated on that day sold to Ulster Davis its undivided thirty-four one-hundredths interest in the property purchased by it of the defendant.

*George M. Burditt* and *Stuart G. Gibboney*, for the appellant.

*James Farrell*, for the respondent.

SEWELL, J.:

The only question presented upon this appeal is whether the sale by the plaintiff to Davis operated to convey his part of the prior earnings of the boat, and bars his right of action against the defendant for an accounting.

I am of opinion that the trial court erred in so holding. The language of the transfer by the plaintiff to Davis is explicit. It purports to sell only " the undivided 34/100 interest of the said St. S. or vessel, together with the undivided interest, the masts, bowsprit, sails, boats, anchors, cables, tackle, furniture, and all other necessaries thereunto appertaining and belonging." This sale did not put Davis in the exact position the plaintiff held. He did not purchase that position or become a partner by reason of the transfer. He bought and paid for an undivided interest in certain specified property held by the plaintiff and defendant as

tenants in common, and thereby became one of the common owners of the property. I think it is clear that the plaintiff retained his interest in the prior earnings and in any other property held in common or for partnership purposes.

It follows that the judgment appealed from must be reversed, with costs to plaintiff, and judgment directed in favor of the plaintiff for an accounting and for the amount found due upon the accounting from the defendant to the plaintiff under sections 1317 and 1345 of the Code of Civil Procedure, with costs.

All concurred.

Judgment reversed, with costs and judgment directed in favor of the plaintiff, with costs, for an accounting and the amount that may be found due from defendant to the plaintiff upon the accounting under sections 1317 and 1345 of the Code of Civil Procedure.